Slip Op. 16 - 83

UNITED STATES COURT OF INTERNATIONAL TRADE

```
┌─────────────────────────────┐
│ UNITED STATES,              │    Before: Donald C. Pogue,
│                             │            Senior Judge
│           Plaintiff,        │
│                             │    Court No. 15-00111
│      v.                     │
│                             │
│ NYCC 1959 INC.,             │
│                             │
│           Defendant.        │
└─────────────────────────────┘
```

OPINION

[granting plaintiff's motion for default judgment]

Dated: September 7, 2016

    Zachary J. Sullivan, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for the Plaintiff.  Also on the brief were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director.  Of counsel was Karen Hiyama, Senior Attorney, U.S. Customs and Border Protection, of Detroit, MI.

    **Pogue, Senior Judge**:  The United States brings this action to recover unpaid duties and a civil penalty, as permitted by Section 592 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592 (2012) ("Section 1592").[1]  Compl., ECF No. 3, at ¶ 1.  Plaintiff claims that Defendant NYCC 1959 Inc. ("NYCC"), an importer of candles from the People's Republic of

---

[1] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2012 edition.

China ("China"), negligently entered merchandise into the commerce of the United States by means of materially false information, in violation of 19 U.S.C. § 1592(a)(1)(A)(i). Id. at ¶¶ 3-8, 14. Because NYCC failed to timely appear, plead, or otherwise defend, default was entered. Entry of Default, ECF No. 9. The Government now moves for default judgment pursuant to USCIT Rule 55(b). Pl.'s Mot. for Default J., ECF No. 12.

The court has jurisdiction pursuant to 28 U.S.C. § 1582(1) (2012).

As further explained below, because the Government's well-pleaded complaint and supporting evidence adequately establish the defaulting Defendant's liability for negligent violations of Section 1592 as a matter of law, Plaintiff's motion for a default judgment is granted. Judgment shall be entered against the Defendant for the unpaid duties owed as a result of these violations. In addition, because the Government's adequately documented, certain claim for a civil penalty against NYCC is in an amount that is within the statutory limit for such violations, judgment shall also be entered for the Plaintiff on its penalty claim.

## DISCUSSION

Because a defendant who defaults thereby admits all well-plead factual allegations contained in the complaint, e.g.,

City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) ("It is an ancient common law axiom that a defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint.") (quotation marks and citation omitted), the court must enter judgment against NYCC if (1) Plaintiff's allegations establish NYCC's liability as a matter of law, see id.,[2] and (2) "the plaintiff's claim is for a sum certain or for a sum that can be made certain by computation." USCIT R. 55(b).[3]

I.  Admitted as True, the Government's Factual Allegations Establish NYCC's Liability as a Matter of Law.

Section 1592 prohibits the entry of merchandise into the commerce of the United States by means of "any document or electronically transmitted data or information, written or oral statement, or act which is material and false," if the

---

[2] See also, e.g., United States v. Freight Forwarder Int'l, Inc., __ CIT __, 44 F. Supp. 3d 1359, 1362 (2015) (relying on Mickalis Pawn Shop, 645 F.3d at 137).

[3] USCIT Rule 55(b) provides that "[w]hen the plaintiff's claim is for a sum certain or for a sum that can be made certain by computation, the court – on the plaintiff's request with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."  Plaintiff's complaint alleges that NYCC is a corporation, not a minor or an incompetent person. See Compl., ECF No. 3, at ¶ 3 (averring that, "[u]pon information and belief," Defendant NYCC is "a New York corporation . . . engaged in the importation of candles").

responsible person acted with "fraud, gross negligence, or negligence." 19 U.S.C. § 1592(a)(1)(A)(i). Here, the Government adequately alleges that NYCC entered merchandise into the commerce of the United States using entry documents that falsely indicated to U.S. Customs and Border Protection ("Customs") that the merchandise in question was not subject to any antidumping duties. Compl., ECF No. 3, at ¶¶ 4-7 & Ex. A. In fact (accepting, as necessary in cases of default, the truth of the Plaintiff's factual allegations, Mickalis Pawn Shop, 645 F.3d at 137), the merchandise – candles from China containing petroleum wax – was covered by an antidumping duty order. Compl., ECF No. 3, at ¶¶ 4-5 (citing Petroleum Wax Candles from [China], 51 Fed. Reg. 30,686 (Dep't Commerce Aug. 28, 1986) (antidumping duty order)).

  The false entry information was material to Customs' evaluation of NYCC's duty liability for these entries because it affected Defendant's antidumping duties, see Compl., ECF No. 3, at ¶¶ 6, 8; United States v. Rockwell Int'l Corp., 10 CIT 38, 42, 628 F. Supp. 206, 210 (1986) ("[T]he measurement of the materiality of the false statement is its potential impact upon Customs' determination of the correct duty for the imported merchandise.") (citations omitted). Therefore, the Government's factual allegations, deemed admitted by the defaulting Defendant, establish that NYCC entered merchandise into the

commerce of the United States by means of information that was both material and false. Accordingly, admitted as true, the Government's factual allegations establish NYCC's liability under Section 1592 as a matter of law. See 19 U.S.C. § 1592(a)(1)(A)(i). Judgment must therefore be entered against NYCC for the underpayment of duties that resulted from these violations. See Compl., ECF No. 3, at ¶¶ 8-11.

  Moreover, in the absence of any defense by the Defendant, the Government's uncontested factual allegations are also sufficient to establish NYCC's liability under Section 1592 for a monetary penalty based on negligence. See 19 U.S.C. § 1592(e)(4) ("Notwithstanding any other provision of law, in any proceeding commenced by the United States in the Court of International Trade for the recovery of any monetary penalty claimed under [Section 1592] . . . if the monetary penalty is based on negligence, the United States shall have the burden of proof to establish the act or omission constituting the violation, and the alleged violator shall have the burden of proof that the act or omission did not occur as a result of negligence."). Accordingly, the next question before the court is the claimed penalty amount.

II. The Penalty Amount

  Section 1592 provides a maximum civil penalty amount

for penalties based on negligent violations. 19 U.S.C. § 1592(c)(3).  Where (as here) the material misrepresentation that forms the basis of the negligent violation concerned the assessment of duties, the amount of the penalty may not exceed the lesser of "the domestic value of the merchandise" or "two times the lawful duties, taxes, and fees of which the United States is or may be deprived." See id. at § 1592(c)(3)(A).

      Here the Government alleges, providing supporting evidence, that the total domestic value of the entries in question was $270,611.26. See Compl., ECF No. 3, at ¶ 15 n.1 & Ex. A; Decl. of Elena Pietron, ECF No. 12-1 ("Pietron Decl."), at ¶¶ 4-6, 9 & Ex. 5.  The Government also provides evidence that the potential antidumping duty loss was $138,509.21.  See Pietron Decl., ECF No. 12-1, at ¶ 7.[4]  Two times this amount is $277,018.42.  Accordingly, the maximum allowable penalty amount for NYCC's negligent violation of Section 1592 with respect to these entries is $270,611.26, which is the lesser of the two amounts. See 19 U.S.C. § 1592(c)(3)(A).

---

[4] $138,509.21 is the sum of the duties owed on each of the three entries at issue – $49,574.33 plus $46,127.14 plus $42,807.74. See Pietron Decl., ECF No. 12-1, at ¶ 7.  Although $49,574.33 of this amount was paid by NYCC's surety, Compl., ECF No. 3, at ¶ 8, such that only $88,934.88 remains in actual lost revenue, the statute contemplates the full amount of the potential duty loss. See 19 U.S.C. § 1592(c)(3)(A)(ii) ("two times the lawful duties, taxes, and fees of which the United States is *or may be* deprived") (emphasis added).

After taking appropriate preliminary steps, see Decl. of Wanda Vela, ECF No. 12-2 ("Vela Decl."), at ¶¶ 3-4, 8, Customs ultimately issued to NYCC a formal demand for payment of the $88,934.88 in unpaid antidumping duties and a penalty of $266,671.78, both of which remain unpaid. Compl. ECF No. 3, at ¶¶ 9-11. Because the amount of the claimed penalty falls within the statutory cap set by the lesser of the merchandise's domestic value and two times the potential duty loss, the Government's assessed penalty amount in this case is within the scope of authority provided by 19 U.S.C. § 1592(c)(3)(A). Because Defendant has defaulted, it raises no equitable claim, argument, or factual allegations supportive of a lesser penalty amount. Judgment shall therefore be entered for the unpaid antidumping duties and the penalty as claimed, plus post-judgment interest, see 28 U.S.C. § 1961(a), and pre-judgment interest on the unpaid duties,[5] see United States v. Nat'l

---

[5] Pre-judgment interest on the outstanding duty amount shall be computed pursuant to 26 U.S.C. § 6621, see 19 U.S.C. § 1677g(b), from April 14, 2015 – the date of the summons in this action, Summons, ECF No. 1 – rather than the last formal demand for payment, see Vela Decl., ECF No. 12-2, at ¶ 8 & Ex. 3, in recognition of the Government's continued consideration of the matter in exchange for NYCC's waiver of the statute of limitations, see id. at ¶ 11 & Ex. 5 (Statute of Limitations Waiver Form) (stating that NYCC waived the statute of limitations, after Customs' formal demand for payment, to "obtain the benefits of the orderly continuation and conclusion"
(footnote continued)

Semiconductor Corp., 547 F.3d 1364, 1369-70 (Fed. Cir. 2008) (pre-judgment interest not available for penalties pursuant to 19 U.S.C. § 1592(c)); United States v. Horizon Prods. Int'l Inc., __ CIT __, 82 F. Supp. 3d 1350, 1355 (2015) (awarding pre-judgment interest solely on outstanding duty amount in a penalty action), plus costs. See USCIT Rule 55(b) (requiring the entry of judgment for the plaintiff, plus costs, when the plaintiff's claim is for a sum certain against a competent defendant who has been defaulted for not appearing); *supra* note 3 (providing relevant text of USCIT Rule 55(b)).

**CONCLUSION**

For all of the foregoing reasons, the Government's motion for default judgment against NYCC for a negligent violation of 19 U.S.C. § 1592(a) is granted. Judgment shall be entered in the amount of $355,606.66 ($88,934.88 in unpaid antidumping duties plus $266,671.78 in penalty), plus post-judgment interest, computed in accordance with 28 U.S.C. §§ 1961(a)-(b), as well as pre-judgment interest solely on $88,934.88 (the outstanding duty amount), computed pursuant to

---

of the agency's continued review of the entries in question). As the evidence presented does not establish any other date for the conclusion of this additional review (and hence the true finalization of the demand for payment), the summons provides the earliest equitable date from which to compute pre-judgment interest.

26 U.S.C. § 6621, from April 14, 2015 (the date of the unanswered summons), until the date of judgment, plus costs.

                                                                                                       /s/ Donald C. Pogue
                                                             Donald C. Pogue, Senior Judge

Dated: September 7, 2016
      New York, NY